IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SERVPRO INDUSTRIES, INC. | ) |
| | ) |
| v. | ) NO. 3-16-0298 |
| | ) JUDGE CAMPBELL |
| JP PENN RESTORATION | ) |
| SERVICES, et al. | ) |

MEMORANDUM

Pending before the Court is Defendants' Motion to Dismiss and/or Motion to Transfer (Docket No. 29). For the reasons stated herein, Defendants' Motion is DENIED.

This diversity action arises from a franchisor-franchisee relationship between Plaintiff and Defendants. Plaintiff has alleged claims for trademark infringement, false designation of origin, dilution, and breach of contract against Defendants. Defendants have moved to dismiss this action for improper venue or to transfer it to the U.S. District Court for the Eastern District of California.

Defendants assert that Mr. and Mrs. Warren reside and operate their business in California. Defendants aver that Wike Restoration, Inc. and JP Penn Restoration Inc. were incorporated in California and are active corporations there. Plaintiff alleges that it is a Nevada corporation with its principal place of business in Gallatin, Tennessee.

VENUE

Federal law on venue provides:

(b) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated,

or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Defendants argue that none of the Defendants resides in Tennessee; that the events giving rise to Plaintiffs' claims arose in California, not Tennessee; and that California is the proper district court for this action. Alternatively, Defendants contend that the Court should transfer this case pursuant to 28 U.S.C. § 1404(a), which provides that for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought.

Plaintiff argues that Defendants have waived any objection to venue in this Court through the provision in their Franchise License Agreement[1] entitled "Consent to Jurisdiction and Venue," which provides:

> 13.11 <u>Consent to Jurisdiction and Venue.</u> OPERATOR agrees that any legal action arising or relating to this Agreement or the relationship of the parties hereunder, including any legal entities in which Owners have any ownership interest, shall be brought in the United States District Court for the Middle District of Tennessee in Nashville, Tennessee, or the Circuit Court or Chancery Court of either Davidson or Sumner County, Tennessee. OPERATOR hereby irrevocably consents and submits to the jurisdiction of such Courts for such purposes and waives any objection it may have to either the jurisdiction or venue of such Courts.

Docket No. 1-1, ¶ 13.11. Plaintiff contends that the Court should honor this "forum selection clause" and find that this action was properly filed here.[2]

---

[1] The Security Agreement (Docket No. 1-3) and Guaranty Agreement (Docket No. 1-7) between the parties contain substantially identical provisions.

[2] The Agreements also provide that any disputes shall be governed by Tennessee law. Docket Nos. 1-1, 1-3 and 1-7.

The Supreme Court has held that whether venue is wrong or improper depends exclusively on whether the court in which the case is brought satisfies the requirements of the federal venue laws, without regard to any forum-selection clause that might apply. *Atlantic Marine Constr. Co., Inc. v. United States District Court for the Western District of Texas*, 134 S.Ct. 568, 577 (2013). In other words, the existence of a forum-selection clause does not render venue in a court "wrong" or "improper" under federal law. *Id*. at 578-579. *Atlantic Marine* also held that whether the parties entered into a contract containing a forum-selection clause has "no bearing" on whether a case falls into one of the categories of cases listed in § 1391(b). *Id.* at 577. Thus, the Court must first determine whether venue is improper under 28 U.S.C. § 1391(b) without considering the forum-selection clause.

The Defendants "reside" in California, not in Tennessee, so venue is not proper under § 1391(b)(1). The parties dispute whether a substantial part of the events or omissions giving rise to the claim occurred in Tennessee, as required under § 1391(b)(2).

Defendants contend that Plaintiff contacted them in California and that Defendants signed the contracts provided by Plaintiff in California. Plaintiff insists that Defendants returned the agreements to Plaintiff in Tennessee, where Plaintiff accepted and executed them. Defendants argue that they provided services under the parties' agreements in California only, the franchise was abandoned in California, and the terminating documents were sent to Defendants in California. Plaintiff argues that both Mr. and Mrs. Warren came to Tennessee for training purposes and that, for some period of time, Defendants submitted required payments and reports to Plaintiff in Tennessee. Defendants claim that their businesses hired employees only in California and provided services only in California.

It appears to the Court that the substantial portion of the events giving rise to this dispute occurred in California. Defendants operated under the agreements in California and provided services under the agreements in California. The alleged breaches which form the basis of the contract claim herein occurred in California. The alleged trademark infringement, false designation of origin and dilution also occurred in California. The Court finds that venue is not proper in this Court under § 1391(b)(2).

The third subpart of § 1391(b) applies only if there is no district in which the action may otherwise be brought, and this action could have been brought in California. So § 1391(b)(3) does not apply. Therefore, venue is not proper in this Court and, unless the Defendants have waived their right to object to venue by agreeing to the forum-selection clause, this case must be dismissed.

## FORUM-SELECTION CLAUSE

In *Atlantic Marine*, the Supreme Court held that a valid forum selection clause should be given controlling weight in all but the most exceptional cases (134 S.Ct. at 581). *Atlantic Marine* involved a case where a party was attempting to dismiss or transfer a case in order to enforce a forum-selection clause, essentially the reverse of this case, where Defendants are attempting to dismiss or transfer the case away from the forum-selection clause forum. A forum-selection clause may be enforced by a motion to transfer under 28 U.S.C. § 1404(a), but enforcing the forum-selection clause in this case would require the Court *not* to transfer the case.

The principle that a valid forum-selection clause should be given controlling weight does not change depending on whether a plaintiff or a defendant moves for a change of venue. Similarly, the principle does not change whether the movant seeks to transfer the case into the contract's preselected forum or out of such forum. In fact, the principle applies even more strongly where, as

4

here, the defendant seeks to transfer the case out of the agreed upon forum. *Federal Deposit Ins. Corp. v. Lmh Financial Corp.*, 2016 WL 3063759 at * 2 (N.D. Ohio May 31, 2016).

When the parties' contract contains a forum-selection clause, that represents the parties' agreement as to the most proper forum. *Atlantic Marine*, 134 S.Ct. at 519 (*cited in Hildebrand v. Optimal Mortgage Servs., LLC*, 2016 WL 3258418 at * 2 (M.D. Tenn. June 14, 2016)).The enforcement of valid forum-selections clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system. *Id.* The party defying the forum-selection clause of establishing that trying the case is the forum for which the parties bargained is unwarranted. *Id*.

When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses or for their pursuit of the litigation. *Atlantic Marine*, 1345 S.Ct. at 382. When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. *Id*. at 583.[3] In all but the most unusual cases, therefore, the interest of justice is served by holding parties to their bargain. *Id*.

Defendants argue that the forum-selection clause in this case should be unenforceable because it contravenes California public policy. A forum-selection clause may be held unenforceable if enforcement would contravene a strong public policy *of the forum in which suit is brought*. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972) (emphasis added); *Smith v. Kyphon, Inc.*,

---

[3] A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. *Atlantic Marine*, 134 S.Ct. at 583.

578 F.Supp.2d 954, 960 (M.D. Tenn. 2008). The forum in which this suit is brought is Tennessee, not California. Defendants also argue that this forum-selection clause is not exclusive, but the clause clearly says "shall" be brought and "irrevocably consents and submits . . . and waives."

Defendants argue that neither JP Penn Restoration Services nor Wike Restoration, Inc. was a signatory to the Franchise License Agreement and, therefore, they did not consent to the forum selection clause or waive any objection to venue. The Franchise License Agreement, however, was assigned to JP Penn Restoration Services by the Warrens, by which JP Penn Restoration Services explicitly accepted and assumed all of the franchisees' duties and obligations under the Agreements. Docket No. 1-6. In addition Wike Restoration, through Mr. and Mrs. Warren, signed a letter agreement with Plaintiff in which Wike Restoration agreed to be subject to the terms of the Franchise Agreement. Docket No. 1-5. Moreover, both JP Penn Restoration Services and Wike Restoration are "closely related" entities to the Warrens, as the Warrens own and operate them in the restoration business.

In this case, Defendants expressly and irrevocably consented and submitted to the jurisdiction of this Court and waived any objection they might have to either the jurisdiction[4] or the venue of this Court. In light of the Supreme Court's clear preference for enforcing forum-selection clauses, the Court finds that Defendants have, by agreeing to the forum-selection clause quoted above, waived the right to object to venue in this Court.[5] Because Defendants agreed to the terms of the forum-selection clause, they may not now object to the forum to which they agreed.

---

[4] Defendants have not asserted a lack of personal jurisdiction defense.

[5] In addition, Tennessee has an interest in having this dispute resolved here, and this Court is familiar with the governing Tennessee law.

Accordingly, Defendants' Motion to Dismiss or Transfer is DENIED.

IT IS SO ORDERED.

*[Signature]*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE